NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPECIALTY SURGERY OF MIDDLETOWN on assignment from CAROLYN B.,<br><br>           Plaintiff,<br><br>     v.<br><br>AETNA HEALTH, INC., et al<br><br>           Defendants. | Civil Action No. 12-4429 (JLL)<br><br><br><br>OPINION AND ORDER |

**I.   INTRODUCTION**

Before the Court is a motion by Defendant Aetna Health, Inc. ("Aetna" or "Defendant") to consolidate five matters currently pending before the Court for the purpose of pretrial and discovery matters only. Each matter was brought by the same plaintiff, Specialty Surgery of Middleton ("Specialty" or "Plaintiff"), which does not oppose the motion. For the reasons set forth below, the Court grants Defendant's motion to consolidate.

**II.   BACKGROUND**

The current action was first filed in New Jersey Superior Court for Middlesex County, Law Division, and removed by Aetna on July 15, 2012. Four related cases were removed within the next several days.[1] The allegations in each complaint are nearly identical. Specialty alleges that Aetna underpaid benefits to Specialty and that Specialty has standing to sue based on an

---

[1] The related cases have Civil Action Nos. 12-4592, 12-4507, 12-4508, and 12-4509. Each case is styled as *Special Surgery of Middletown v. Aetna et al*.

1

assignment of rights from an individual Aetna member.  Each case involves a different Aetna member who assigned his or her rights to Specialty.[2]  Additionally, each case differs as to the allegations about what about was billed to Aetna and how much Aetna paid.  Aside from these differences, the complaints are almost identical.

### III.  DISCUSSION

Federal Rule of Civil Procedure 42 allows consolidation of cases that share common issues of law and fact.  Fed. R. Civ. P. 42(a)(2); *see also Nanavati v. Burdette Tomlin Memorial Hosp.*, 857 F.2d 96, 103 n.3 (3d Cir. 1988) (finding that consolidation is appropriate where there are actions involving common questions of law or fact).[3]  "In deciding whether to consolidate actions under Rule 42(a), the court must balance the risk of prejudice and possible confusion against the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties and witnesses, the length of time required to conclude multiple lawsuits as against a single one, and the relative expense to all concerned of the single-trial and multiple-trial alternatives." *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 570 (D.N.J. 2003) (citations omitted).  If there is no articulated basis to assert confusion or prejudice, consolidation is generally appropriate.  *Id.*  The purpose of consolidation is "to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999).

---

[2] This matter is brought on behalf of Carolyn B; the 12-4592 matter is brought on behalf of Rebecca S.; the 12-4507 matter is brought on behalf of Andrew W.; the 12-4508 matter is brought on behalf of Patrick R.; and the 12-4509 matter is brought on behalf of David C.

[3] Local Civil Rule 42.1 allows for consolidation of cases into the earliest filed action and any motion to consolidate is to be heard by the Court presiding over that action.

The five cases before the Court share common issues of fact and law and are brought by a common plaintiff against a common defendant. The allegations in each case center on the supposed underpayment of benefits—the only difference is the identity of whom assigned their rights to Specialty and the amount that was allegedly underpaid. For purposes of pretrial issues and discovery, these differences are minor. On the other hand, keeping these matters separate potentially wastes judicial resources and creates administrative confusion. *See Nationwide Ambulance Servs. v. SafeGuard Servs., LLC*, 2012 U.S. Dist. LEXIS 119502 (D.N.J. Aug. 22, 2012). Consolidation serves the interests of judicial efficiency, prevents duplicative motion practice, and avoids conflicting decisions of law on the same facts; consolidation would not create any foreseeable prejudice—indeed, Specialty consents to the motion. Given that the factual and legal issues are nearly identical, this Court will grant Defendant's motion.

### IV. CONCLUSION

For the reasons stated above, it is hereby

ORDERED that Defendant's motion to consolidate is granted; and it is further

ORDERED that the following cases shall be consolidated with this matter for pretrial and discovery purposes only: Specialty Surgery of Middletown v. Aetna et al (Civil Action No. 12-4592); Specialty Surgery of Middletown v. Aetna et al (Civil Action No. 12-4507); Specialty Surgery of Middletown v. Aetna et al (Civil Action No. 12-4508); and Specialty Surgery of Middletown v. Aetna et al (Civil Action No. 12-4509).

Date: September 17, 2012            *s/ Michael A. Hammer*
                                    **UNITED STATES MAGISTRATE JUDGE**